UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY<br>30339 Diamond Parkway, #102<br>Glenwillow, OH 44139<br><br>　　　　Plaintiff,<br>　v.<br><br>APLARS LLC<br>7 Dove Lane<br>North Oaks, MN 55127<br><br>　　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES,<br>INJUNCTIVE, AND OTHER RELIEF<br>FOR VIOLATIONS OF 15 U.S.C. § 1114<br>AND § 1125 AND OHIO REV. CODE<br>§ 4165.01, *ET SEQ.*__**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The NOCO Company ("NOCO" or "Plaintiff") brings this action against defendant Aplars LLC ("Defendant") for (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; and (3) violation of Ohio's Uniform Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01, *et seq*, and alleges as follows:

## THE PARTIES

1.　　NOCO is an Ohio for-profit corporation, in good standing, having its principal offices located in Cuyahoga County, Ohio.

2.　　Upon information and belief, Defendant is a for-profit limited liability company having its principal place of business in North Oaks, Minnesota, that operates and does business throughout the United States under the seller name "W2 Corporation" on www.Amazon.com ("Amazon").

## JURISDICTION

3. This Court has subject-matter jurisdiction over NOCO's claims in this action arising under federal trademark law pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has subject-matter jurisdiction over NOCO's state-law claim in this action pursuant to 28 U.S.C. § 1367 because this claim and NOCO's federal-law claim form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendant under Ohio's long-arm statute because Defendant caused tortious injury by an act in Ohio. Ohio Rev. Code § 2307.382(A)(3). This Court also has personal jurisdiction because Defendant regularly does or solicits business in Ohio, or derives substantial revenue from goods used or consumed or services rendered in Ohio, and caused tortious injury in Ohio by an act from outside Ohio. Ohio Rev. Code § 2307.382(A)(4).

5. This Court has personal jurisdiction under the Due Process Clause because Defendant had sufficient minimum contacts with Ohio by falsely advertising and selling products to consumers in Ohio through one or more highly interactive commercial websites, such that Defendant could reasonably anticipate being brought into court in this forum.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### NOCO and Its Trademarks

7. NOCO is a global manufacturer and distributor of battery chargers, jump starters, solar panels, portable power devices, and an array of other consumer battery products and accessories.

8. NOCO sells and distributes its products around the world, including the United States, Canada, Asia, and Europe.

9. Among NOCO's most popular products are its GB40 Genius Boost Jump Starter ("GB40 Jump Starter") and GB150 Genius Boost Jump Starter ("GB150 Jump Starter").

10. The GB40 Jump Starter and GB150 Jump Starter are portable jump-starter battery packs for jump starting a dead vehicle battery.  They can also be used as a portable power source for recharging USB devices, such as smartphones and tablets, and powering 12-volt devices such as tire inflators and power inverters.

11. NOCO offers the GB40 Jump Starter and GB150 Jump Starter, as well as other products, for sale through its website, www.no.co; the "NOCO" storefront on Amazon; and through other authorized sellers (collectively, "Authorized Sales Channels").

12. NOCO devotes a significant amount of time, energy, and resources to protecting the value of its brand, products, name, and reputation.  By distributing products exclusively through Authorized Sales Channels, NOCO ensures that its products received by the consumer are of the utmost quality, and that the satisfaction of the consumer, and the integrity and reputation of the NOCO brand are maintained.

13. To promote and protect the NOCO brand, Plaintiff has registered numerous trademarks with the United States Patent and Trademark Office (the "NOCO Trademarks"),

including, but not limited to: NOCO® (U.S. Reg. No. 5,238,298); NOCO GENIUS BOOST® (U.S. Reg. Nos. 4,778,383 and 4,778,384); and ULTRASAFE® (U.S. Reg. No. 4,811,656).

14. The registration for each of the NOCO Trademarks is valid, subsisting, and in full force and effect. NOCO's right to use some of the NOCO Trademarks has become incontestable under 15 U.S.C. § 1065 because the trademarks have been in continuous use; NOCO received no final legal decision issued against the trademarks; and NOCO timely filed a Section 15 Declaration describing the trademarks' use. Accordingly, the NOCO Trademarks serve as conclusive evidence of NOCO's ownership of the marks and of its exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of products bearing the marks identified in the registrations, as provided by 15 U.S.C. § 1115(b).

15. NOCO actively uses and markets all of the NOCO Trademarks in commerce throughout the United States.

16. NOCO's products are popular sellers on Amazon. For example, the GB40 Jump Starter currently ranks as the highest-selling product in Amazon's "automotive jump starters" product category and has received Amazon's designation as the "#1 Best Seller in Jump Starters" on its marketplace. In addition, the GB40 Jump Starter currently ranks as the 26th highest selling automotive product overall on Amazon out of tens of thousands of products in this category. Many of NOCO's products, including the GB40 Jump Starter, carry high user ratings on Amazon of four or more stars.

17. Due to the quality of NOCO's products and customer service, as well as consumers' recognition of NOCO as the source of high quality products, the NOCO Trademarks have enormous value.

**Defendant's Sale of Products on the Internet Whose Advertisements Include the NOCO Trademarks and Create False Associations with NOCO**

18. Defendant is not authorized to sell NOCO products or use the NOCO Trademarks.

19. Defendant, without authorization from NOCO, sells on the Internet, including on Amazon, product storage cases whose advertisements include the NOCO Trademarks. For example, as set forth in Paragraph 22, Defendant advertises a product whose name is the "TUDIA Travel Hard Shock Absorption Carrying Storage Case for Noco Genius Boost Pro GB150 400 Amp 12V UltraSafe Lithium Jump Starter," which includes three NOCO Trademarks: NOCO®, NOCO GENIUS BOOST®, and ULTRASAFE®.

20. Defendant's advertisements of product names that use the NOCO Trademarks falsely state and/or suggest that the advertised products—generic storage cases for electronics or any other small items—are specifically designed "for" NOCO products. To the contrary, none of the Defendant's products, described further in Paragraph 22, are in any way designed specifically "for" or "to fit" the NOCO jump-starter and battery-charger products. Stated differently, none of Defendant's products are "for" NOCO products any more than they are "for" a host of other small items, such as competing jump starters and battery chargers, small electronics, toys, office supplies, and canned goods.

21. In addition to using NOCO Trademarks in product names, Defendant's advertisements, described further in Paragraph 22, feature at least one image of a NOCO product contained in the advertised protective case. This image shows NOCO Trademarks prominently displayed on the NOCO products depicted. Defendant's usage of the NOCO Trademarks therefore constitutes false advertising because it implies that NOCO sponsors, approves of, and/or authorizes Defendant's products and/or that Defendant has an association with NOCO,

which it does not. Furthermore, Defendant's use in advertisements of NOCO Trademarks in product names and images, both separately and combined, constitutes trademark infringement, as the advertisements use more of the NOCO Trademarks than is reasonably necessary to identify the NOCO products.

22. Upon information and belief, Defendant operates and conducts business under the storefront "W2 Corporation" on Amazon. Through this storefront, Defendant has sold and is currently selling protective cases advertised as being designed for NOCO products, including the GB150 Jump Starter.



23. Through its infringing use of the NOCO Trademarks, Defendant has misled—and continues to mislead—consumers into believing that they are purchasing products that have been licensed or otherwise authorized by NOCO and that conform to NOCO's quality standards.

## NOCO Has Suffered Substantial Harm

24. As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, irreparable harm to its NOCO Trademarks and brand goodwill.

25. Defendant's conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

26. NOCO is entitled to injunctive relief because Defendant continues to use NOCO Trademarks in false advertisements. In so doing, Defendant continues to compromise the value of the NOCO Trademarks.

27. Defendant's ongoing illegal conduct has caused, and will continue to cause, irreparable harm to NOCO's goodwill and a loss of business for NOCO.

## FIRST CAUSE OF ACTION
### False Advertising
### 15 U.S.C. § 1125(a)(1)(B)

28. NOCO re-alleges the allegations set forth in paragraphs 1–27 above.

29. NOCO owns the NOCO Trademarks.

30. NOCO has registered the NOCO Trademarks with the United States Patent and Trademark Office.

31. The NOCO Trademarks are valid and subsisting trademarks in full force and effect.

32. Defendant willfully and knowingly used, and continues to use, the NOCO Trademarks in interstate commerce, including through its product listings on Amazon, for the purpose of advertising, promoting, and selling products without NOCO's consent.

33. Defendant's advertisements and promotions of products unlawfully using the NOCO Trademarks have been disseminated to the relevant purchasing public.

34. The products Defendant advertises, promotes, and sells using the NOCO Trademarks are not authorized for sale by NOCO.

35. Defendant's use of the NOCO Trademarks in connection with the unauthorized advertising, promotion, and sale of products misrepresents the nature, characteristics, qualities, and origin of Defendant's products because it suggests that the products are subject to NOCO's review and approval when, in fact, they are not.

36. Defendant's use of the NOCO Trademarks in connection with the unauthorized advertising, promotion, and sale of products is likely to cause consumer confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers for sale are sponsored by, approved by, or are otherwise connected with NOCO when, in fact, they are not.

37. Defendant's unauthorized and deceptive use of the NOCO Trademarks is material and likely to influence consumers to purchase the products it sells, as consumers are likely to believe that products Defendant advertises using the NOCO Trademarks are subject to NOCO's approval when, in fact, they are not.

38. As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

39. NOCO is entitled to recover its damages caused by Defendant's infringement of the NOCO Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

40. NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

41. NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on the NOCO Trademarks.

## SECOND CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. § 1114

42. NOCO re-alleges the allegations set forth in paragraphs 1–41 above.

43. NOCO owns the NOCO Trademarks.

44. NOCO has registered the NOCO Trademarks with the United States Patent and Trademark Office.

45. The NOCO Trademarks are valid and subsisting trademarks in full force and effect.

46. Defendant willfully and knowingly used, and continues to use, the NOCO Trademarks in interstate commerce without NOCO's consent for the purpose of selling products.

47. Defendant's unauthorized sale of products using advertising that includes the NOCO Trademarks interferes with NOCO's ability to exercise control over the NOCO Trademarks.

48. Defendant's unauthorized sale of products using advertising that includes the NOCO Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendant's use of the NOCO Trademarks suggests that the products Defendant offers for sale are sponsored or authorized by NOCO when, in fact, they are not.

49. Defendant's unauthorized use of the NOCO Trademarks has infringed and materially damaged the value of the NOCO Trademarks and caused significant damage to NOCO's business relationships.

50. As a proximate result of Defendant's actions, NOCO has suffered, and continues to suffer immediate and irreparable harm. NOCO has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

51. NOCO is entitled to recover its damages caused by Defendant's infringement of the NOCO Trademarks and disgorge Defendant's profits from Defendant's willfully infringing sales and unjust enrichment.

52. NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

53. NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed the NOCO Trademarks.

### THIRD CAUSE OF ACTION
**Violation of Ohio Uniform Deceptive Trade Practices Act,
Ohio Rev. Code § 4165.01,** *et seq.*

54. NOCO re-alleges the allegations set forth in paragraphs 1–53 above.

55. This claim arises under the laws of the State of Ohio.

56. NOCO owns the NOCO Trademarks.

57. NOCO has registered the NOCO Trademarks with the United States Patent and Trademark Office.

58. The NOCO Trademarks are valid and subsisting trademarks in full force and effect.

59. NOCO is widely recognized as the designated source of goods bearing the NOCO Trademarks.

60. The products Defendant advertises, promotes, and sells using the NOCO Trademarks are not authorized for sale by NOCO.

61. Defendant's use of the NOCO Trademarks in connection with the unauthorized advertising, promotion, and sale of products suggests that the products are sponsored by, approved by, affiliated with, or connected with NOCO, which they are not.

62. Defendant's deceptive trade practices have caused and will continue to cause NOCO irreparable harm.  NOCO is entitled to judgment enjoining and restraining Defendant from engaging in further deceptive practices.

## PRAYER FOR RELIEF

WHEREFORE, NOCO prays for relief and judgment as follows:

A. Judgment in favor of NOCO and against Defendant in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Preliminary and permanent injunctions enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant (the "Enjoined Parties") as follows:

    i) Prohibiting the Enjoined Parties from using any of the NOCO Trademarks in any manner, including advertising on the Internet,

    ii)    Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of the NOCO Trademarks;

    iii)    Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the NOCO Trademarks associated with the Enjoined Parties or the Enjoined Parties' websites or storefronts;

    iv)    Requiring the Enjoined Parties to take all action to remove unauthorized NOCO Trademarks from the Internet, including from www.amazon.com;

C.    An award of attorneys' fees, costs, and expenses; and

D.    Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 6, 2018            Respectfully submitted,

*/s/ Katie L. Steiner*
Michael J. Garvin (0025394)
Katie L. Steiner (0096933)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH  44114-2327
Telephone:  (216) 479-6100
Facsimile: (216) 479-6060
Email:  mjgarvin@vorys.com
       klsteiner@vorys.com

*Counsel for Plaintiff The NOCO Company*